**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARLIO ESCOBAR<br>45 Spring Garden Mill Drive<br>Newtown, PA 18940,<br><br>Plaintiff,<br><br>-v.-<br><br>EVOLUTION US LLC, formerly known as<br>EVOLUTION PENNSYLVANIA LLC<br>1500 Spring Garden Street<br>Philadelphia, PA 19130,<br><br>Defendant. | **CIVIL ACTION**<br><br>**No.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Marlio Escobar, by and through undersigned counsel, hereby brings this action against defendant Evolution US LLC, formerly known as Evolution Pennsylvania LLC, and avers as follows:

## PARTIES

1. Plaintiff Marlio Escobar ("Escobar"), is an adult individual residing at 45 Spring Garden Mill Drive, Newtown, PA 18940.

2. Defendant Evolution US LLC, formerly known as Evolution Pennsylvania LLC ("Evolution") is a Delaware limited liability company with offices located at 1500 Spring Garden Street, Philadelphia, PA 19130.

## JURISDICTION AND VENUE

3. Jurisdiction exists in this matter pursuant to 28 U.S.C. §§1331 (Federal Question Jurisdiction) and 1367 (Supplemental Jurisdiction).

4. Venue lies within this Judicial District pursuant to 28 U.S.C. § 1391(b), the alleged unlawful employment practices having been committed herein.

5. On or about July 8, 2023, Escobar dual filed a Charge of Discrimination against Evolution with the U.S. Equal Employment Opportunity Agency and the Pennsylvania Human Relations Commission.

6. On May 29, 2026, Escobar received his Notice of Right to Sue Letter.

## FACTUAL BACKGROUND

7. Evolution owns and operates the world's largest online casino.

8. Escobar was hired by Evolution in September 2021 for the position of Talent Acquisition Manager of Philadelphia.

9. In this position, Escobar was responsible for recruiting and screening qualified applicants for online gambling positions.

10. Escobar had as many as five recruiters who reported to him.

11. At all times, Escobar performed his job well.

12. Commencing in or around February 2023, it became apparent to Escobar that qualified candidates who had been presented to Evolution for hiring were subsequently being rejected for employment by Escobar's supervisors on the basis of their age, race, ethnicity and sexual orientation.

13. Escobar determined that hundreds of qualified candidates were rejected for employment on discriminatory bases by Evolution.

14. When Escobar raised this concern with Evolution management, it was strongly suggested by his supervisor, Asnate Loakman, that Escobar's team look for young, attractive, white female applicants with no children, and particularly college students.

15. Escobar informed Loakman that her suggestion was unlawful because there were many qualified applicants who were not young, white female college students.

16. Nevertheless, Loakman continued to unreasonably reject qualified applicants using the same "coded" rationale, that they were not "quality individuals."

17. Loakman refused to further explain why or how she had concluded that any person who Escobar presented was not a "quality individual" and he understood that term to simply be a pretext for discrimination.

18. On March 14, 2023, Escobar notified Cindy Robak, HR Director of Evolution North America, of systemic discrimination in the hiring process, and of Escobar's objection to it.

19. Escobar brought to Robak's attention the fact that candidates from protected classes were consistently and unlawfully rejected during the selection process.

20. Escobar provided Robak with extensive evidence, including several hundred video-recorded interviews and auditions that clearly demonstrate the unlawful rejection of qualified candidates based on their race, gender, age, and other protected characteristics.

21. Escobar informed Robak of his belief that Loakman, and others whom she supervised, viewed the video-recorded interviews and auditions and then rejected candidates based on their race, ethnicity, age and sexual orientation.

22. Almost immediately after Escobar voiced his objection to Robak, his supervisors at Evolution, Molly Siciliano and Loakman, began to retaliate against him.

23. Siciliano and Loakman also instructed Escobar to look for references on applicants' resumes that might be suggestive of racial or ethnic stereotypes, and to weed out those applicants who did not meet their preferred profile of young, white females.

24. Escobar experienced harassment, including verbal abuse, and the creation of a hostile work environment.

25. These acts of retaliation were directly linked to his complaint in March 2023, and they resulted in emotional distress and a toxic work environment.

26. On May 18, 2023, Escobar, without prior notice, Escobar was terminated for alleged poor performance.

27. During his employment at Evolution, Escobar had never received any disciplinary action, written warnings, or poor performance evaluations.

28. Thus, May 18, 2023, termination for poor performance was merely a pretext for unlawful retaliation.

**COUNT I**
**RETALIATION IN VIOLATION OF TITLE VII**

29. Escobar incorporates herein the previous averments as if fully set forth.

30. Escobar engaged in protected activity by objecting to Evolution's unlawful employment practices in rejecting for employment qualified individuals on the basis of their race, ethnicity and/or sexual orientation in violation of Title VII of the Civil Rights Act of 1964, as amended.

31. In retaliation for Escobar's protected activity, Evolution harassed Escobar, created a hostile work environment for him, and eventually terminated his employment.

32. The conduct of Evolution constitutes unlawful retaliation in violation of Title VII.

33. As a result of Evolution's conduct, Escobar has suffered and will continue to suffer monetary damages, including lost wages and benefits.

34. As a result of Evolution's conduct, Escobar has suffered pain, emotional distress, embarrassment, humiliation and damage to his reputation and earning capacity.

WHEREFORE, plaintiff Marlio Escobar demands judgment in his favor and against defendant Evolution US LLC, formerly known as Evolution Pennsylvania LLC, for backpay, front pay, lost benefits and emoluments of employment, compensatory damages, punitive damages, attorneys' fees, and costs of suit.

**COUNT II**
**RETALIATION IN VIOLATION OF ADEA**

35. Escobar incorporates herein the previous averments as if fully set forth.

36. Escobar engaged in protected activity by objecting to Evolution's unlawful employment practices in rejecting for employment qualified individuals on the basis of their age violation of the ADEA.

37. In retaliation for Escobar's protected activity, Evolution harassed Escobar, created a hostile work environment for him, and eventually terminated his employment.

38. The conduct of Evolution was willful and constitutes unlawful retaliation in violation of the ADEA.

39. As a result of Evolution's conduct, Escobar has suffered and will continue to suffer monetary damages, including lost wages and benefits.

40. As a result of Evolution's conduct, Escobar has suffered pain, emotional distress, embarrassment, humiliation and damage to his reputation and earning capacity.

WHEREFORE, plaintiff Marlio Escobar demands judgment in his favor and against defendant Evolution US LLC, formerly known as Evolution Pennsylvania LLC, for backpay, front pay, lost benefits and emoluments of employment, compensatory damages, liquidated damages, attorneys' fees, and costs of suit.

**COUNT III**
**RETALIATION IN VIOLATION OF THE PHRA**

41. Escobar incorporates herein the previous averments as if fully set forth.

42. Evolution's conduct as aforesaid constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. §955 *et seq*.

43. As a result of Evolution's conduct, Escobar has suffered and will continue to suffer monetary damages, including lost wages and benefits.

44. As a result of Evolution's conduct, Escobar has suffered pain, emotional distress, embarrassment, humiliation and damage to his reputation and earning capacity.

WHEREFORE, plaintiff Marlio Escobar demands judgment in his favor and against defendant Evolution US LLC, formerly known as Evolution Pennsylvania LLC, for backpay, front pay, lost benefits and emoluments of employment, compensatory damages, attorneys' fees, and costs of suit.

Date: August 21, 2026

*/s/ Stanley B. Cheiken*
STANLEY B. CHEIKEN, ESQUIRE
19 W. College Avenue, Suite 350
Yardley, PA 19067
(215) 572-8600
sbc@cheikenlawfirm.com
*Attorney for Plaintiff*

**FREUNDLICH & LITTMAN, LLC**

By: */s/ Nathaniel N. Peckham, Esq.*
Nathaniel N. Peckham, Esq.
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
(215) 545-8500
nathaniel@fandllaw.com

*Attorney for Plaintiff*