**FOX ROTHSCHILD LLP**
Corinne Burzichelli DeBerry
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Telephone: (609) 896-3600
cdeberry@foxrothschild.com

*Attorneys for Defendant*
*Evolution US LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARLIO ESCOBAR,<br><br>Plaintiff,<br><br>v.<br><br>EVOLUTION US LLC, formerly known as EVOLUTION PENNSYLVANIA LLC,<br><br>Defendant. | Civil Action No.: 2:26-cv-06157-MRP<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant, Evolution US LLC f/k/a Evolution Pennsylvania LLC ("Evolution" or "Defendant"), by and through its attorneys, Fox Rothschild LLP, for Answer and Affirmative Defenses to the Complaint and Jury Demand ("Complaint") of Plaintiff, Marlio Escobar's ("Escobar" or "Plaintiff"), hereby state and allege as follows:

**PARTIES**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.

2. Admitted.

## JURISDICTION AND VENUE

3. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 3.

4. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 4.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore denies them.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies them.

## FACTUAL BACKGROUND

7. Denied.

8. Admitted that Plaintiff was hired as Talent Acquisition Manager. The remainder of Paragraph 8 is denied.

9. Admitted that Plaintiff's position was within recruitment and required recruitment responsibilities. The remainder of Paragraph 9 is denied.

10. Admitted that Plaintiff had recruiters reporting to him. The remainder of Paragraph 10 is denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied. The allegations in Paragraph 18 of the Demand seek to characterize a document that speaks for itself and are therefore denied. Further, the allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 18.

19. Denied. The allegations in Paragraph 19 of the Demand seek to characterize a document that speaks for itself and are therefore denied. Further, the allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 19.

20. Denied. The allegations in Paragraph 20 of the Demand seek to characterize a document that speaks for itself and are therefore denied. Further, the allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 20.

21. Denied. The allegations in Paragraph 21 of the Demand seek to characterize a document that speaks for itself and are therefore denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted that Plaintiff was terminated on May 18, 2023 for poor performance. The remainder of the allegations in Paragraph 26 are denied.

27. Denied.

28. Denied. Further, the allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 28.

**COUNT I**
**RETALIATION IN VIOLATION OF TITLE VII**

29. Defendant repeats and incorporates by reference each and every response to each allegation set forth in Paragraphs 1 through 28 as if fully set forth herein.

30. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 30.

31. Denied. Further, the allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 31.

32. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 32.

33. Denied.

34. Denied.

**WHEREFORE**, Evolution US LLC respectfully requests that the Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court deems just and equitable and that judgment be entered in Evolution US LLC's favor.

**COUNT II**
**RETALIATION IN VIOLATION OF ADEA**

35. Defendant repeats and incorporates by reference each and every response to each allegation set forth in Paragraphs 1 through 34 as if fully set forth herein.

36. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 36.

37. Denied. Further, the allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 37.

38. Denied. Further, the allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 38.

39. Denied.

40. Denied.

**WHEREFORE**, Evolution US LLC respectfully requests that the Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court deems just and equitable and that judgment be entered in Evolution US LLC's favor.

**COUNT III**
**RETALIATION IN VIOLATION OF THE PHRA**

41. Defendant repeats and incorporates by reference each and every response to each allegation set forth in Paragraphs 1 through 40 as if fully set forth herein.

42. The allegations contained in this Paragraph state legal argument or conclusions as to which no response is required. To the extent that a responsive pleading is required, Defendant denies the allegations in Paragraph 42.

43. Denied.

44. Denied.

**WHEREFORE**, Evolution US LLC respectfully requests that the Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court deems just and equitable and that judgment be entered in Evolution US LLC's favor.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted for some or all of the causes of action alleged.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of counsel fees, costs, or interest can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of collateral source, estoppel, waiver, laches, bad faith, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Evolution US LLC, including all of its agents, acted at all relevant times hereto which was proper, reasonable, lawful and in good faith.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because he did not hold an objectively reasonable, good-faith belief that discrimination was occurring, given the diversity data he himself compiled.

**SIXTH AFFIRMATIVE DEFENSE**

Evolution US LLC did not subject Plaintiff to any unlawful retaliation.

**SEVENTH AFFIRMATIVE DEFENSE**

Evolution US LLC did not engage in any wrongful conduct.

**EIGHTH AFFIRMATIVE DEFENSE**

Any damages allegedly suffered by Plaintiff was caused, in whole or in part, by Plaintiff's own culpable conduct or actions, if any.

**NINTH AFFIRMATIVE DEFENSE**

Evolution US LLC denies that any of its actions were willful, wanton, malicious, or reckless.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by reason of his own misconduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which equitable relief can be granted.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by public policy.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The injuries, damages or losses alleged in the Complaint are not the result of a negligent, reckless or intentional act or omission of Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants did not engage in any illegal or unethical conduct.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant employed Plaintiff on an at-will basis and, therefore, could terminate his employment at any time with or without notice and with or without cause.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant asserts every available defense to it under the common law.

**NINTEENTH AFFIRATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of fraud.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant's conduct was justified in furtherance of a legitimate business interest.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

To the extent that it seeks punitive damages, the Complaint violates Defendant's right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of New Jersey.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The Complaint is frivolous under Rule 11 of the Rules Governing the Eastern District of Pennsylvania.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Any loss sustained by Plaintiff was due to his own acts or omissions, or the result of the acts or omissions of persons or entities over whom Defendant exercised no control.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because at the time of the alleged events set forth in the Complaint, Defendant had in place policies against the conduct alleged and Plaintiff unreasonably failed to avail himself of these remedial measures and/or to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant did not violate the Age Discrimination in Employment Act ("ADEA").

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendant did not discriminate or retaliate against Plaintiff in violation of the ADEA.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendant asserts every available defense to it under the ADEA.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendant did not violate Title VII of the Civil Rights Act of 1964 ("Title VII").

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendant did not discriminate or retaliate against Plaintiff in violation of Title VII.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendant asserts every available defense to it under Title VII.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Defendant did not violate the Pennsylvania Human Rights Act ("PHRA")

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Defendant did not discriminate or retaliate against Plaintiff in violation of the PHRA.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant asserts every available defense to it under PHRA.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

The damages, if any, recoverable by Plaintiffs must be reduced by any amount of damages legally caused by the Plaintiffs' failure to mitigate such damages in whole or in part.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff had failed to exhaust his administrative remedies.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, are capped by the applicable statutory caps under Title VII based on Defendant's employee headcount.

**ADDITIONAL AFFIRMATIVE DEFENSES RESERVED**

Defendant has not knowingly or intentionally waived any applicable affirmative defense. Defendant hereby reserves its right to assert any other separate and affirmative defenses that discovery reveals to be applicable in this case, such that a failure to assert such separate and affirmative defenses herein does not constitute a waiver of same.

Respectfully submitted,

FOX ROTHSCHILD LLP

Dated: September 21, 2026

By: */s/ Corinne Burzichelli DeBerry*

Corinne Burzichelli DeBerry (PA 331325)
212 Carnegie Center
Suite 400
Princeton, New Jersey 08540
(609) 896-3600
cdeberry@foxrothschild.com

*Attorneys for Defendant*
*Evolution US LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by cooperation of the Court's electronic filing system or by electronic mail to anyone unable to accept electronic filing as indicated on the Notice of electronic filing. Parties may view and download this filing through the Court's CM/ECF System.

Dated: September 21, 2026

FOX ROTHSCHILD LLP

*/s/ Corinne Burzichelli DeBerry*
Corinne Burzichelli DeBerry